MILLER, Judge.
Defendant Louisiana Department of Highways appeals the judgment awarded plaintiff Kenneth H. Hudson based on the finding that the Department’s negligence in failing to properly maintain the curbing on Louisiana Highway 28 was a legal cause of Hudson’s accident. We affirm.
The two lane highway is of concrete construction paved to a width of approximately 2V 6" and serves as an east west link between Alexandria. and Leesville. Near the point where Hudson lost control of his panel truck there is a raised concrete “roll over” curbing on the south side of the paved portion of the highway. The curb was constructed to provide proper drainage in this area where westbound traffic is climbing a hill. At this point there was a six to eight foot wide asphalt or bituminous insert across the entire paved portion of the highway. This insert was a routine repair for blow ups caused by concrete expansion due to excessive heat.
On August 19, 1971, the date of the accident, part of the concrete curb adjacent to this bituminous repair was sticking up about eight inches so that it' presented a solid blunt obstacle to westbound traffic which reached the roll over curb. Eastbound traffic was not confronted with the same hazard because the curb inclined gradually from west to east. Several photographs in evidence graphically depict the hazard. There is no manifest error in the trial court’s conclusion that this defect had existed for several months and that the Department had failed to timely remedy it or to provide warnings for same.
The accident occurred about 11:15 a. m. on a clear day about ten miles west of Alexandria. Hudson drove his westbound panel truck into the passing lane to pass a westbound Volkswagen. Hudson was driving about 55 miles per hour and the road was clear for his overtaking' maneuver. As the front of Hudson’s vehicle came alongside the back of the Volkswagen the Volkswagen drifted to the left. To avoid striking the smaller vehicle Hudson eased to the left and climbed the roll over curb, which was adjacent to the south edge of Highway 28. Shortly after climbing the roll over curb, Hudson’s left front and left rear wheels struck the solid blunt concrete curbing which caused him to lose control of his panel truck. Both left tires blew out and the rims of both left wheels were severely damaged in a way that could only be caused by a solid blunt object. Hudson’s panel truck proceeded out of control along the curbing and then in a west south westerly direction until it struck some trees along the highway right of way. The driver of the Volkswagen did not stop and is unknown.
The Department contends that the broken curbing was not related to the accident. The investigating officer so testified, but he could not account for the damage to the rims of both left wheels. There is no manifest error in the trial court’s factual determination that the evidence preponderates that the protruding curbing caused Hudson to lose control of his panel truck.
The Department next contends that the improper maneuver of the Volks *505 wagen was the superior or intervening and sole proximate cause of the accident. The Department’s argument is that the curbing condition was only a remote cause of the accident because the curbing had nothing to do with the normal travel on the adjacent roadway surface. The trial court properly rejected this contention. The Department is obliged to repair this defect. Hopkins v. State of Louisiana, 167 So.2d 441 (La.App. 1 Cir. 1964). The curbing must be safe for emergency use. 5A Blashfield’s Cyclopedia of Automobile Law and Practice, § 3205.
The fact that the Volkswagen driver was a joint tort feasor does not relieve the Department of its obligation to repair the defect. The fact that the Department had allowed a “passively” negligent condition to exist, and that harm was not realized from that condition until precipitated by the intervening negligence of the Volkswagen driver, does not relieve the Department of its liability. Restatement, Second, Torts, § 442B. No intentional misconduct has been alleged or proven, and the injuries suffered were of the sort expectable from the hazardous condition.
The Department next contends that Hudson was contributorily negligent in that he failed to exercise prudent conduct in the control of his panel truck. It is argued that Hudson should have applied his brakes rather than have eased left when the Volkswagen drifted left. The thrust of this argument is that the curbing itself, whether defective or not, was sufficient to cause Hudson to lose control of his vehicle; that Hudson was negligent for electing to ease left onto the roll over curb. There is no manifest error in the trial court’s rejection of this contention. Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355 (1960).
Finally, the Department contends that the trial court erred in awarding Hudson $1,229 as loss of one month’s earnings. It was established that Hudson was unable to work for one month and that his corn-missions averaged $1,229 per month. The Department claims credit for the $748.51 that Hudson received in commissions during the month that he was disabled. These commissions were earned before the accident. Hudson lost one month’s sales. Since Hudson lost one month’s production because of the accident, he is entitled to the full amount that he ordinarily earned in one month. There is no error in the trial court’s refusal to deduct commissions received by Hudson for work performed before the injury. Hudson did not generate commissions during his disability and suffered this loss in the following months.
The judgment of the trial court is affirmed. Costs of court are taxed to appellant as allowed by LSA-R.S. 13:4521.
Affirmed.